BRADY, Justice.
This is an appeal from the Chancery Court of Stone County, Mississippi, wherein the appellee was allowed a setoff of his equity credits listed on the books of the appellant against a debt owed the appellant on an open account. From this decision an appeal is taken.
The appellant filed suit in the Chancery Court of Stone County, Mississippi, to collect an open account debt in the amount of $628.24. The appellee answered admitting owing the debt sued for but alleging that the appellant was indebted to him in the amount of $1,590.27 and prayed that this amount be set off against the amount he owed the appellant. It appears from the record that the appellant had a *926 policy of returning to its members a percentage of the amounts purchased from the appellant in the way of cash bonuses or cash refunds at the end of the year. This percentage was based on the amount of fertilizer purchased by the member and a prorated percentage of the profits of the cooperative. This refund or patronage allotment is what the appellee seeks to have set off against the debt owed to the appellant.
The chancellor found that there appeared to be only one real or basic issue before the court in this controversy:
“Whether or not complainant [appellant] through its agent or representative, made an agreement with defendant [appellee] that at the close of each year of their doing business together he, defendant [appellee] would receive as a refund the amount of his equity in the profits of complainant [appellant] based upon the amount of business done between them which could be set off or credited to the indebtedness due them by defendant [ap-pellee] to complainant [appellant].”
The chancellor found in reply to the foregoing issue “that either the method of operation of complainant [appellant] was misrepresented to defendant [appellee] or not presented clearly and that the defendant [appellee] relied on his belief that if he purchased from this particular complainant [appellant] then at the end of the year he would receive a patronage refund and that this would be deducted from his debt then due complainant [appellant].”
The appellant admitted that he had made such an agreement but, instead of giving appellee credit on his account, actually paid in cash all such patronage allotments. The chancellor entered his final decree that the appellant take nothing and pay one-half the cost and further that the ap-pellee should set off against the debt whatever the appellant owed him or was due him as a patronage allotment. From this decision an appeal is taken.
The appellant assigns as error that:
1. The court erred in overruling the complainant’s general demurrer.
2. The court erred in holding that defendant was entitled to a setoff.
3. The court erred in finding that complainant was indebted to the defendant.
The plain but fundamental issue for determination here is: Was the appellee indebted to the appellant in the sum of $628.24? The appellee admits owing this sum but asserts that he is entitled to offset an indebtedness due him from appellant in the sum of $1,590.27. Therefore, we are faced with the question of whether or not the appellee can set off the alleged indebtedness of $1,590.27 due him by the appellant. Appellee did not prove this specific amount but accepted appellant’s testimony in determination thereof. Ap-pellee furthermore did not prove this amount presently due and owing, and that he could in a separate suit presently recover the same. These essential elements had to be proven in order to establish the validity of the alleged setoff. The answer to this fundamental question can be found in Clarke County Cooperative (AAL) v. Read, 243 Miss. 879, 139 So.2d 639 (1962). The facts in that case are in harmony with the facts in the case at bar, the only difference being that in Clarke County Cooperative (AAL) v. Read, supra, a note was taken for the amount due and owing by the patron. The issues of law are the same in the case at bar, and Clarke County Cooperative (AAL) v. Read, supra, is controlling here.
It follows, therefore, that the ruling of the chancellor is manifestly contrary to the rule of law in the State of Mississippi and for this reason the decision of the chancellor is reversed and rendered.
Reversed and rendered.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.